IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DEC - 1 2023

ALFONSO SENTENO )
)
Plaintiff, )
)
v. ) Civil Action No. 1:23cv1271 (TSE/JFA)
)
MAY JUNG, *et al.*, )
)
Defendants. )
)

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff Alfonso Senteno's ("plaintiff") motion for default judgment against defendant BKMJ, Inc. ("BKMJ" or "defendant"). (Docket no. 9). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On September 20, 2023, plaintiff filed this action against defendant alleging violations of the Fair Labor Standards Act ("FLSA"), the Virginia Overtime Wage Act ("VOWA"), and the Virginia Wage Payment Act ("VWPA"). (Docket no. 1). The Clerk issued summonses for service on defendants on September 21, 2023. (Docket no. 3). Both defendant May Jung and defendant BKMJ were served with the summons and complaint on September 25, 2023, by way of a private process server. (Docket nos. 4, 4-1). The private process server served defendant May Jung individually and as the registered agent for defendant BKMJ. *See Id.* In accordance with Federal Rule of Civil Procedure 12(a), defendants' responsive pleading was due on October 16, 2023. Defendant BKMJ failed to file a timely responsive pleading. On October 16, 2023,

defendant May Jung filed a suggestion of bankruptcy. (Docket no. 5). That same day the court ordered a stay as to defendant May Jung due to her declaration of bankruptcy but re-iterated to defendant BKMJ its duty to timely file a responsive pleading. (Docket no. 6). On October 23, 2023, the court ordered that plaintiff seek immediate entry of default against defendant BKMJ and referred the case to the magistrate judge. (Docket no. 7). On October 24, 2023, plaintiff filed his request for entry of default as to defendant BKMJ. (Docket no. 8). On October 25, 2023, plaintiff filed his motion for default judgment as to defendant BKMJ and noticed a hearing for December 1, 2023. (Docket no. 9). On October 26, 2023, the Clerk entered default as to defendant BKMJ. (Docket no. 12). At the hearing on December 1, 2023, counsel for plaintiff appeared, but no one appeared for defendant BKMJ.

**Factual Background**

The following facts are established by the complaint and attached exhibit. (Docket no. 1) ("Compl."); (Docket no. 1-1). Defendants operated a restaurant ("Nak Won."). (Compl. ¶ 5). Defendant May Jung was the owner and operator of Nak Won. (Compl. ¶ 2). Defendant BKMJ is a Virginia corporation doing business as Nak Won with its principle place of business from Nak Won. (Compl. ¶ 3). Plaintiff was employed by defendants as a cook and food preparer in the restaurant. (Compl. ¶ 11). Plaintiff began working for defendants in the winter of 2009, stopped for a month in the winter of 2014, and worked until September 9, 2023. (Compl. ¶ 12). Plaintiff worked Monday through Saturday from 10 a.m. to 9 p.m. *Id.* Plaintiff took no uninterrupted breaks lasting longer than twenty (20) minutes. *Id.* Plaintiff was paid in a mixture of cash from defendant May Jung and checks from defendant BKMJ. *Id.* Plaintiff worked on average sixty-six (66) hours per week and was paid $840.00 per week. *Id.* Plaintiff received no overtime premiums for the hours in which he exceeded the forty-hour (40) weekly limit. *Id.*

Further, plaintiff alleges he received no payment for the hours worked from August 14, 2023, through September 9, 2023, and was given an unconditional promise to pay by defendant May Jung through a Letter of Commitment ("letter"). (Compl. ¶ 12; Docket 1-1). The letter, signed by defendant May Jung as a representative of Nak Won, stated that the outstanding balance of $3,120.00 "should be settled by Aug. 26, 2023" but that extenuating circumstances concerning the restaurant kept her from meeting that commitment until September 9, 2023. (Docket no 1-1). Plaintiff was not paid his promised wages on September 9, 2023, or thereafter. (Compl. ¶ 12).

**Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk has entered a default as to defendant BKMJ. (Docket no. 12).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

**Jurisdiction and Venue**

A court must have both subject matter jurisdiction over a claim and personal jurisdiction over a defaulting party before it can render a default judgment. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). With some exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367(a). Since Count I arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over that claim pursuant to 28 U.S.C. §§ 1331, 1337. Because Count II forms part of the same case or controversy as Count I, specifically the non-payment of plaintiff's overtime premium and wages, this court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a).

This court also has personal jurisdiction over defendant. As stated in the complaint, defendant BKMJ is a Virginia corporation formed under the laws of the Commonwealth of Virginia and its principal place of business, Nak Won, is located in Virginia. (Compl. ¶ 3). As the defendant is "at home" in the forum, the court has general personal jurisdiction over defendant. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 936 (E.D.

Va. 2017) (noting that general personal jurisdiction exists where a defendant has affiliations with the state that are so "continuous and systematic" as to render defendant essentially at home in the state, such as a corporation's place of incorporation or principal place of business).

Venue is proper in this court pursuant to 28 U.S.C. § 1391. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)–(2). Defendant BKMJ resides in this district. (Compl. ¶ 3). Additionally, a substantial part of the events or omissions giving rise to plaintiff's claims against defendant occurred in this district. Namely, plaintiff was paid, or not paid, from defendant BKMJ's principal place of business in this district. (Compl. ¶ 3).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

**Service[1]**

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Courtney Adams, a private process server, served defendant BKMJ through its registered agent. (Docket no. 4). She states in her affidavit of service that she served the summons, complaint, and exhibit 1 on its registered agent, defendant May Jung. *Id.* Based on the

[1] The address for defendant BKMJ included on the proposed and issued summons (Docket nos. 2, 3) state process would be served on May Jung at 9450 Fairfax Blvd, Fairfax, Virginia 22030, while the address on the return of service states that service was made at 7315 Little River Turnpike, Annadale, Virginia, 22003 on May Jung as a registered agent of defendant BKMJ (Docket no. 4). There is no explanation provided as to why the addresses differ.

foregoing, the undersigned recommends a finding that defendant was properly served with the summons and complaint.

**Grounds for Entry of Default**

In accordance with Federal Rule of Civil Procedure 12(a), defendant BKMJ was required to file a responsive pleading by October 16, 2023, twenty-one (21) days after service of the summons and complaint. No responsive pleading has been filed by defendant and the time for doing so has expired. On October 24, 2023, plaintiff filed a request for entry of default. (Docket no. 8). On October 25, 2023, plaintiff filed a motion for default judgment and noticed a hearing for December 1, 2023, at 10:00 a.m. (Docket nos. 9, 10). On October 26, 2023, the Clerk entered default against defendant for failure to plead or otherwise defend. (Docket no. 12).

Accordingly, the undersigned recommends a finding that the Clerk properly entered default as to defendant.

**Liability**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendant BKMJ violated the FLSA, VOWA[2], and VWPA. (Compl. ¶¶ 13–44). Defendant was required by the FLSA and VOWA to pay plaintiff

[2] Plaintiff incorrectly relies on VA. CODE ANN. § 40.1-29.3 as the basis for his VOWA claim in his complaint as it applies only to employees employed by a derivative carrier, which plaintiff is not. The applicable statute for which the VOWA claim arises out of is VA. CODE ANN. § 40.1-29.2, which entitles an individual bringing a claim for overtime wages to relief applicable "remedies, damages, or other relief available under the federal Fair Labor Standards Act" in an action brought "pursuant to the process in subsection J of § 40.1-29."

compensation at a rate not less than one and one-half (1.5) times the regular rate at which he was employed for his work in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1); VA. CODE ANN. § 40.1-29.2. Furthermore, defendant was required to pay plaintiff for work done under Virginia law. *See* VA. CODE ANN. § 40.1-29.

**Equitable Tolling**

Under the FLSA, the statute of limitations to bring a claim is typically two years after the cause of action accrued, except that willful violations may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a). Equitable tolling is available when "1) 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' or 2) 'extraordinary circumstances beyond plaintiff's control made it impossible to file the claim on time.'" *Cruz v. Maypa,* 773 F.3d 138, 146 (4th Cir. 2014). The Fourth Circuit in *Cruz* extended to FLSA claims the decision in *Vance v. Whirlpool Corp.*, 716 F.2d 1010 (4th Cir. 1983), which found that the district properly held the 180-day filing requirement of the Age Discrimination in Employment Act ("ADEA") was tolled by reason of plaintiff's employer's failure to post statutory notice of workers' rights under the Act. *Cruz*, 773 F.3d at 146. The court found that "tolling based on lack of notice continues until the claimant retains an attorney or obtains actual knowledge of her rights." *Id.* at 147 (citing *Vance,* 716 F.2d at 1013).

Plaintiff alleges that during his employment defendant did not post or otherwise make visible or available any poster or information that notified him of the federal overtime compensation requirement. (Compl. ¶ 22). Similarly, he asserts that defendant did not make visible or available any information that an underpaid employee has a private right of action to file a lawsuit against employers for underpayment of wages, or that federal law prohibits

retaliation against workers who file a complaint or participate in a proceeding. (Compl. ¶ 23–24). Plaintiff alleges that he did not become aware that he was owed overtime pay until September 20, 2023, when he met with counsel. (Docket no. 9-1). Accordingly, plaintiff has demonstrated that the statute of limitations for their FLSA claims for unpaid overtime wages was tolled based on lack of notice, and the statute of limitations has not run.

As to the VOWA claim, the analysis follows from above as the statute of limitations is identical to the applicable limitations set forth in the federal Fair Labor Standards Act. *See* VA. CODE ANN. § 40.1-29.2 ("Any action brought pursuant to this section shall accrue according to the applicable limitations set forth in the federal Fair Labor Standards Act.").

As for the claim for unpaid wages under the VWPA, the statute of limitations is three years. VA. CODE ANN. § 40.1-29(L). Because this action was filed on September 20, 2023, and plaintiff alleges that all unpaid regular wages were for work performed from August 14, 2023, to September 9, 2023 (Compl. ¶ 12), the statute of limitations has not expired for these claims.

**Count I: Violation of Overtime Provisions of the FLSA and VOWA**[3]

To establish a violation of the FLSA for non-payment of overtime hours, plaintiff must show that: (1) the employee was employed by the defendant; (2) the employee was engaged in commerce or in the production of goods for commerce; (3) the employee worked over forty (40) hours per work week; (4) the employee was not compensated at a rate of 1.5 times their regular rate for each hour worked in excess of forty (40) hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the employee's position. *See* 29 U.S.C. § 207. To

[3] For purposes of the VOWA claim, the analysis mirrors the analysis of the FLSA claim. *See* VA. CODE ANN. § 40.1-29.2 ("Any employer that violates the overtime pay requirements of the federal Fair Labor Standards . . . shall be liable to the employee for the applicable remedies . . . under the Federal Labor Standards Act in action brought pursuant to the process in subsection J of § 40.1-29.").

state a claim for a violation of the FLSA's overtime wage provision, a plaintiff is required to plead "(1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Rodriguez v. F&B Solutions LLC,* 20 F. Supp. 3d 545, 547 (E.D. Va. 2014).

The facts set forth in the complaint establish that plaintiff was an employee of defendant and worked overtime hours with no additional compensation. Plaintiff worked for defendant as a cook and food preparer from the winter of 2009 until September 9, 2023. (Compl. ¶ 11; Docket no. 9-1). At all times during plaintiff's employment, defendant explicitly and willfully misinformed plaintiff that he was not entitled to be paid for overtime hours. (Compl. ¶¶ 25, 39). Plaintiff worked on average 26 hours of overtime per week during his employment with defendant. (Compl. ¶ 12; Docket no. 9-1). At all times plaintiff was a full-time, non-exempt employee of defendant. (Compl. ¶¶ 12, 14, 18, 22; Docket no. 9-1). Defendant requested that plaintiff work overtime but refused to pay plaintiff for overtime. (Compl. ¶ 18). Plaintiff was an employee engaged in commerce under 29 U.S.C. § 207. (Compl. ¶ 10–11). No evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff, and he appears to be a covered employee entitled to the protections of the FLSA. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception."); *see also* 29 C.F.R. § 784.21.

For these reasons, the undersigned recommends a finding that plaintiff has established a violation of 29 U.S.C. § 207 and the VOWA.

**<u>Count II: Violation of Virginia Wage Payment Act:</u>**

Under the VWPA, "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without

written and signed authorization of the employee." VA. CODE ANN. § 40.1-29(C). The VWPA also provides employees with a private right of action against employers to recover payment of the wages. *Id.* § 40.1-29(J). The purpose of this statute is to protect employees from bad acting employers. *See Nestler v. Scarabelli,* 77 Va. App. 440, 466 (Va. Ct. App. 2023).

Here, plaintiff alleges that from August 14, 2023, to September 9, 2023, he was paid nothing for his hours worked. (Compl. ¶ 12). He alleges that instead he was presented with an unconditional promise to pay by defendant May Jung through a letter. *Id.* The letter was signed by defendant May Jung, the sole operator and owner of Nak Won, as a representative of Nak Won. (Docket no. 1-1). The letter stated that the "outstanding balance" of $3,120.00 for the three weeks of work would be paid by September 9, 2023.[4] *Id.* This agreement was signed on August 26, 2023. *Id.* Plaintiff was not paid his promised wages on September 9, 2023, or thereafter. (Compl. ¶ 12; Docket no. 9-1).

Based on the allegations in the complaint, defendant, as plaintiff's employer, withheld plaintiff's promised wages, and this withholding was not due to taxes, in accordance with law, or with the signed authorization of plaintiff. (Compl. ¶¶ 11–12, 20; Docket no. 9-1). For these reasons, the undersigned recommends a finding that plaintiff has established violations of the VWPA by defendant for improperly withholding plaintiff's wages.

**Damages**

Plaintiff seeks (1) all unpaid overtime wages; (2) unpaid wages; (3) liquidated damages under FLSA; (4) treble damages under the VWPA; (5) interest; and (6) attorney's fees and costs (Compl. at 7–8 ¶¶ A–B; Docket no. 9 ¶¶ 12–18).

---

[4] The letter also breaks down the $3,120.00 as "$840.00 p[er] week x3 + $600.00."

**Joint and Several Liability of Defendant**

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[5] Under VA. CODE ANN. § 40.1-2, an employer is "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee."

Defendant BKMJ is considered an employer under the FLSA and VWPA. Clearly, defendant BKMJ is liable for damages resulting from the violations of FLSA and VWPA. As the matter was stayed against defendant May Jung (Docket no. 6) and this motion for default judgment is only against defendant BKMJ (Docket no. 9), further analysis on the extent of defendant May Jung's liability is not necessary at this time.

**Calculation of Unpaid Overtime Wages[6]**

Under 29 U.S.C. § 216(b), an employer who violates the provisions of § 207 shall be liable to the employee affected in the amount of their unpaid overtime compensation. Under the VOWA, VA. CODE ANN. § 40.1-29.2, provides that "all applicable overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply."

---

[5] The VOWA uses the same definitions as the FLSA. *See* VA. CODE ANN. § 40.1-29.2.

[6] The calculation of overtime premiums for the unpaid overtime wages in the VOWA is identical to the calculation for the FLSA claims.

Here, plaintiff alleges he worked six (6) days a week for eleven (11) hours a day totaling on average sixty-six (66) hours total per week. (Compl. ¶ 12). He alleges he was paid an average of $140.00 per day and earned $840.00 per week, which results in an hourly rate of pay of approximately $12.73. (Compl. ¶ 12). This means plaintiff worked in excess of the forty-hour (40) limit for twenty-six (26) hours each week. *Id.* For the hours plaintiff worked overtime he is entitled to overtime premiums in the amount of $165.49 per week ($12.76 x 0.5 x 26). As plaintiff provides facts that defendant's violation was willful, plaintiff is entitled to three years' worth of unpaid overtime premiums, which is 156 weeks. *See* 29 U.S.C. § 255(a). **Accordingly, plaintiff is entitled to unpaid overtime compensation in the amount of $25,816.44 ($165.49 x 156).**

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount of unpaid overtime compensation. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a showing "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. In this case, defendant has failed to appear or present any defense to plaintiff's claim of a violation of the FLSA. Therefore, an award of liquidated damages equal to the amount of unpaid overtime compensation under the FLSA and VOWA is appropriate. **Accordingly, plaintiff is owed an additional $25,816.44 in liquidated damages.**

**Calculation of Unpaid Wages**

The VWPA is clear that plaintiff is owed the amount of unpaid wages from defendant. *See* VA. CODE ANN. § 40.1-29(J). Here, plaintiff was employed by defendant until September 9,

2023. (Compl. ¶ 12). Plaintiff alleges he was not paid for his work from August 14, 2023, until September 9, 2023. (Compl. ¶ 12; Docket no. 9-1). At the time, plaintiff earned $840.00 per week from defendant. (Compl. ¶ 12; Docket no. 9-1). As shown in the letter signed by defendant May Jung, defendants agreed to pay plaintiff a total of $3,120 for his last three weeks of work. Accordingly, plaintiff is owed $3,120.00 in unpaid wages.

Once it is determined that an employer is liable for violations of the VWPA, "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section . . ., the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs." VA. CODE ANN. § 40.1-29(J). An employer acts 'knowingly' if the person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) act in reckless disregard of the truth or falsity of the information. Establishing that a person acted knowingly shall not require proof of specific intent to defraud." VA. CODE ANN. § 40.1-29(K).

Here, the letter signed by defendant BKMJ's representative promising to pay plaintiff his wages late is indicative that defendant BKMJ had actual knowledge of its failure to pay wages to plaintiff. (Docket no. 9-1). Accordingly, the undersigned recommends an award of treble damages. Plaintiff is owed **$9,360.00 for his VWPA claim.**

**Attorney's Fees and Costs**

Plaintiff seeks reasonable attorney's fees and costs. (Compl. at 8; Docket no. 9 at 8). In the motion for default judgment plaintiff alleges that the total amount of attorney's fees is $4,292.50 for 10.1 hours of legal time. (Docket no. 9 ¶ 17). Attached to plaintiff's motion for default judgment is an affidavit in support of attorney's fees and costs. (Docket no. 9-3). The

signed affidavit includes a breakdown by the hours of the time spent on the case. (Docket 9-3 ¶ 3).

"Under the so-called 'American rule', a prevailing party generally cannot recover attorneys' fees from the losing party." *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006) (citing *Lee v. Mulford*, 269 Va. 562, 565 (2005)). However, the Supreme Court has "recognized departures from the American Rule only in 'specific and explicit provisions for the allowance of attorneys' fees under selected statutes.'" *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 412 U.S. 240, 260 (1975)). In calculating attorneys' fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The Fourth Circuit provides twelve factors in determining the reasonable number of hours and rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The Federal Rules of Civil Procedure do provide that the prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1).

The FLSA, VOWA, and VWPA expressly provide for the mandatory award of attorneys' fees and costs of an action. *See* 29 U.S.C. § 216(b); VA. CODE ANN. § 40.1-29(J). Plaintiff requests reasonable attorney's fees and costs in his complaint and motion for default judgment. (Compl. at 8; Docket no. 9 at 8). The undersigned has reviewed plaintiff's attorney's fees as provided in the affidavit attached to the motion for default judgment (Docket no. 9-3) and having considered the factors laid out by the Fourth Circuit in *Robinson*, recommends a finding that plaintiff's attorney's fees are reasonable. The $425.00 hourly rate charged by Attorney Sutter is consistent with hourly rates charged by attorneys of the same level of experience in the Northern Virginia area and the amount of time expended is consistent with the time expended in other similar cases.

Further, plaintiff requests costs. Here, he alleges the total amount of costs incurred is $512.00. (Docket no. 9-3 at ¶ 5). He alleges the total cost for filing was $402.00 and the cost of serving the defendants was $110.00. *Id.* Accordingly, the undersigned recommends an award of **$4,292.50** in attorney's fees and **$512.00** in costs, in the total amount of **$4,804.50**, which is consistent with fee awards in similar cases in this court.

**Interest**

Plaintiff also requests both pre- and post-judgment interest. (Compl. at 7 ¶ A). While prejudgment interest is not recoverable by plaintiff under the FLSA or VWPA,[7] the court can award post-judgment interest pursuant to, and at the interest rate provided by 28 U.S.C. § 1961

[7] The Supreme Court has "held that FLSA's liquidated damages were provided in lieu of calculating the costs of delay—which is the function of prejudgment interest—and therefore that a claimant could not recover both prejudgment interest and liquidated damages." *Hamilton v. 1st Source Bank,* 895 F.2d 159, 166 (4th Cir. 1990) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945). Similarly, the VWPA omits the award of prejudgment interest where a court finds that the employer knowingly failed to pay wages to an employee. VA. CODE ANN. § 40.1-29(J).

for the FLSA claim. *See Kennedy v. A Touch of Patience Shard Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011); *see e.g., Thomas v. County of Fairfax, Va.*, 758 F.Supp. 353, 370 (E.D. Va. 1991) ("Postjudgement interest is due on awards under FLSA in accordance with 28 U.S.C. § 1961").

Accordingly, the undersigned recommends an award of post-judgment interest pursuant to, and at the interest rate provided by 28 U.S.C. § 1961.

**Conclusion**

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff and against defendant BKMJ, Inc. in the total amount of **$65,797.38** ($51,632.88 in unpaid overtime compensation and liquidated damages + $9,360.00 in unpaid wages and treble damages + $4,804.50 in attorney's fees and costs), with post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendants May Jung and BKMJ, Inc. at 9450 Fairfax Blvd, Fairfax VA 22030, and 7315 Little River Turnpike, Annandale VA, 22003, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations, and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 1st day of December, 2023.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia