IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALFONSO SENTENO, )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 1:23cv1271 (DJN/JFA)
 )
MAY JUNG, *et al.*, )
 )
        Defendants. )
 )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Alfonso Senteno's ("plaintiff") motion for default judgment against defendant May Jung ("Jung" or "defendant") (Docket no. 19). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On September 20, 2023, plaintiff filed this action against defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Virginia Overtime Wage Act ("VOWA"), and the Virginia Wage Payment Act ("VWPA"). (Docket no. 1). The Clerk issued summonses for service on defendants on September 21, 2023. (Docket no. 3). Both Jung and defendant BKMJ, Inc., ("BKMJ") were served with the summons and complaint on September 25, 2023, by way of a private process server. (Docket nos. 4, 4-1). The private process server served Jung individually and as the registered agent for BKMJ. *See Id.* In accordance with Federal Rule of Civil Procedure 12(a), defendants' responsive pleadings were due on October 16, 2023. BKMJ failed to file a timely responsive pleading. On October 16, 2023, Jung filed a suggestion of

1

bankruptcy. (Docket no. 5). That same day the court ordered a stay as to Jung due to her declaration of bankruptcy but re-iterated to BKMJ its duty to timely file a responsive pleading. (Docket no. 6). On October 23, 2023, the court ordered that plaintiff seek immediate entry of default against BKMJ and referred the case to the magistrate judge. (Docket no. 7). On October 24, 2023, plaintiff filed his request for entry of default as to BKMJ. (Docket no. 8). On October 25, 2023, plaintiff filed his motion for default judgment as to BKMJ and noticed a hearing for December 1, 2023. (Docket nos. 9, 10). On October 26, 2023, the Clerk entered default as to BKMJ. (Docket no. 12). On November 27, 2023, plaintiff filed with the court a notice of bankruptcy dismissal as to Jung. (Docket no. 13; *see* Docket no. 13-1). On November 30, 2023, the court ordered that Jung file an answer or other responsive pleading on or before December 15, 2023. (Docket no. 14). Jung failed to file a responsive pleading pursuant to the court's order and is now in default.

At the hearing on December 1, 2023, counsel for plaintiff appeared, but no one appeared on behalf of BKMJ. On that same day, the undersigned entered his proposed findings of fact and recommendations as to BKMJ. (Docket no. 16). On January 5, 2024, the court adopted the findings of fact and recommendations as to BKMJ and entered a judgment in favor of plaintiff in the total amount of $65,797.38—awarding $51,632.88 in unpaid overtime compensation and liquidated damages, $9,360.00 in unpaid wages and treble damages, $4,804.50 in attorney's fees and costs, and post-judgment interest pursuant to the FLSA, VOWA, and VWPA. (*See* Docket no. 21).

Based on Jung's failure to file a responsive pleading as ordered by the court, plaintiff filed a motion for default judgment as to Jung with the appropriate *Roseboro* notice on January

2

2, 2024, and noticed a hearing for January 26, 2024. (Docket nos. 19, 20). At the hearing on January 26, 2024, counsel for plaintiff appeared, but no one appeared on behalf of Jung.

**Factual Background**

The following facts are established by the complaint and attached exhibit. (Docket no. 1) ("Compl."); (Docket no. 1-1). Defendants operated a restaurant ("Nak Won."). (Compl. ¶ 5). Jung was the owner and operator of Nak Won. (Compl. ¶ 2). BKMJ is a Virginia corporation doing business as Nak Won with its principle place of business from Nak Won. (Compl. ¶ 3). Plaintiff was employed by defendants as a cook and food preparer in the restaurant. (Compl. ¶ 11). Plaintiff began working for defendants in the winter of 2009, stopped for a month in the winter of 2014, and worked until September 9, 2023. (Compl. ¶ 12). Plaintiff worked Monday through Saturday from 10 a.m. to 9 p.m. *Id.* Plaintiff took no uninterrupted breaks lasting longer than twenty (20) minutes. *Id.* Plaintiff was paid in a mixture of cash from Jung and checks from BKMJ. *Id.* Plaintiff worked on average sixty-six (66) hours per week and was paid $840.00 per week. *Id.* Plaintiff received no overtime premiums for the hours in which he exceeded the forty-hour (40) weekly limit. *Id.*

Further, plaintiff alleges he received no payment for the hours worked from August 14, 2023, through September 9, 2023, and was given an unconditional promise to pay by Jung through a Letter of Commitment ("letter"). (Compl. ¶ 12; Docket 1-1). The letter, signed by Jung as a representative of Nak Won, stated that the outstanding balance of $3,120.00 "should be settled by Aug. 26, 2023" but that extenuating circumstances concerning the restaurant kept her from meeting that commitment until September 9, 2023. (Docket no 1-1). Plaintiff was not paid his promised wages on September 9, 2023, or thereafter. (Compl. ¶ 12).

3

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on Jung's failure to abide by the court order and file a responsive pleading by December 15, 2023, plaintiff filed a motion for default judgment as to Jung. (Docket no. 19).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

The previous findings of fact and recommendations prepared by the undersigned and adopted by the court granting plaintiff's motion for default judgment against BKMJ established several findings relevant to this proposed findings of fact and recommendations: 1) this court has subject matter jurisdiction over the matter and venue is proper; 2) BKMJ, and thereby any "employer" in this case, is liable for violations of the FLSA, VOWA, and VWPA; 3) the calculation of damages under the FLSA, VOWA, and VWPA; and 4) the amount awarded for attorney's fees and costs under the FLSA, VOWA, and VWPA. (*See* Docket no. 16).[1]

---

[1] Plaintiff incorrectly asserts that the court found, "plaintiff is owed $65,797.38 for unpaid overtime and liquidated damages and $9,360.00 for unpaid wages and treble damages as well as attorney's fees and costs in the amount of $4,804.50." (Docket no. 19 at 2). The

4

## Jurisdiction and Venue

As the previous findings of fact and recommendations established the court has subject matter jurisdiction over the claims and that venue is proper, here, personal jurisdiction over Jung is the only remaining issue as to jurisdiction and venue. (*See* Docket no. 16 at 4–5).

In this case the court also has personal jurisdiction over Jung. Jung resides in Virginia and is the owner and operator of BKMJ, doing business as Nak Won Restaurant, located in Annandale, Virginia. (Docket no. 2 at 1; Compl. ¶ 2). As Jung is "at home" in the forum, the court has general personal jurisdiction over Jung. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 936 (E.D. Va. 2017) (noting that general personal jurisdiction exists where a defendant has affiliations with the state that are so "continuous and systematic" as to render defendant essentially at home in the state).

Therefore, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(e)(2)(A), service may be made on an individual by delivering a copy of the summons and complaint to the individual personally.

Courtney Adams, a private process server, served Jung personally the summons, complaint, and exhibit 1. (Docket no. 4-1). Based on the foregoing, the undersigned recommends a finding that defendant was properly served with the summons and complaint.

---

previous findings of fact and recommendations clearly states, "that a default judgment was entered in favor of plaintiff and against defendant BKMJ **in the total amount of $65,797.38 ($51,632.88 in unpaid overtime compensation and liquidated damages + 9,360.00 in unpaid wages and treble damages + $4,804.50 in attorney's fees and costs), with post-judgment interest pursuant to 28 U.S.C. § 1961(a)**." (*See* Docket no. 16 at 16). Therefore, at the most, Jung would be liable for $65,797.38 in total.

## Grounds for Default Judgment

In accordance with the court's order, Jung was required to file a responsive pleading by December 15, 2023. (Docket no. 14). No responsive pleading has been filed by Jung and the time for doing so has expired. Accordingly, plaintiff filed a motion for default judgment as to Jung on January 2, 2024, included a certificate of service, the required *Roseboro* notice, and noticed a hearing for January 26, 2024. (Docket nos. 19, 20). At the hearing on January 26, 2024, counsel for plaintiff appeared, but no one appeared on behalf of defendant. Accordingly, the undersigned finds that defendant has notice of these proceedings and is in default.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

In the complaint plaintiff alleges that Jung violated the FLSA, VOWA, and VWPA. (Compl. ¶¶ 13–44). Plaintiff's "employers" were required by the FLSA and VOWA to pay plaintiff compensation at a rate not less than one and one-half (1.5) times the regular rate at which he was employed for his work in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1); VA. CODE ANN. § 40.1-29.2. Additionally, plaintiff's "employers" were required to pay plaintiff for work done under Virginia law. *See* VA. CODE ANN. § 40.1-29.

The previous findings of fact and recommendations prepared by the undersigned and adopted by the court granting plaintiff's motion for default judgment against BKMJ established liability for defendants who are considered "employers" for purposes of the FLSA, VOWA, and VWPA. (*See* Docket no. 16 at 11). The only remaining issue for the undersigned to determine

for purposes of this motion is whether the individual, Jung, is an "employer" under the FLSA, VOWA, and VWPA.

**Joint-Employer Liability of Defendant Jung**

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[2] The majority rule is that an individual corporate officer may be an "employer" under the FLSA and subject to liability in their individual capacity if that officer "acts as a supervisor with sufficient control over the conditions and terms of plaintiff's employment." *Zegarra v. Marco Polo, Inc.*, 2009 WL 143428, at *2 (E.D. Va. Jan. 21, 2009). "The overwhelming authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

Under VA. CODE ANN. § 40.1-2, which defines an "employer" for the purposes of the VWPA, an "employer" is "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee." Recently, the Supreme Court of Virginia concluded that "the General Assembly intended to omit individuals from joint employer liability for unpaid wages under Code § 40.1-29(J) by using a narrower definition of 'employer' than did Congress in the FLSA." *Cornell v. Benedict*, 878 S.E.2d 191, 195 (Va. 2022).

---

[2] The VOWA uses the same definitions as the FLSA. *See* VA. CODE ANN. § 40.1-29.2. "[A]ll applicable overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply."

7

Here, Jung is considered an employer under the FLSA and VOWA. In line with the requirements for joint employer liability under the FLSA and VOWA, Jung was the owner and operator of Nak Won. (Compl. ¶ 2). Jung also acted as a supervisor and had control over the terms of plaintiff's employment. (Compl. ¶ 6).

However, Jung is not considered an employer under the VWPA, as the Supreme Court of Virginia has concluded that individuals are omitted from joint employer liability for unpaid wages under the VWPA. *Cornell,* 878 S.E.2d at 195. While it is possible that a claim for breach of contract for $3,120.00 might have been asserted against Jung concerning the promise to pay wages, plaintiff did not bring a breach of contract claim in the complaint.[3] Therefore, the undersigned recommends a finding that joint-employer liability extends only to defendant for the damages associated with the FLSA and VOWA violations.

## Damages

Plaintiff seeks: (1) unpaid overtime wages; (2) unpaid wages; (3) liquidated damages under FLSA; (4) treble damages under the VWPA; and (5) attorney's fees and costs. (Compl. at 7–8 ¶¶ A–B; Docket no. 19 at 3).[4] Since the calculation of damages and attorney's fees and costs done in the prior findings of fact and recommendations apply here, it is not necessary to re-assess the damages and attorney's fees and costs awarded. (*See* Docket no. 16 at 10–16).

---

[3] Plaintiff asserts that *Cornell v. Benedict*, 878 S.E.2d 191 (Va. 2022) clarified circumstances in which individual liability may attach for damages under the Virginia Wage Payment Act and claims that, "[h]ere [Jung] is liable for the unpaid wages in the amount of $9,360.00 because defendant expressly guaranteed, personally, to pay those wages in a signed writing to plaintiff . . ." (Docket no. 19 at 3). However, plaintiff fails to point to any part of the opinion that supports this proposition. Additionally, as mentioned above, plaintiff did not allege any breach of contract claim in his complaint.

[4] Plaintiff's motion for default judgment as to Jung does not address his request for interest demanded in the complaint. Thus, this proposed findings of fact and recommendations will focus on plaintiff's request for monetary damages and attorney's fees and costs pursuant to the FLSA, VOWA, and VWPA claims.

8

As discussed above, the court finds Jung is liable jointly and severally as an "employer" pursuant to the FLSA and VOWA, but not the VWPA. The prior findings of fact and recommendations found that plaintiff is entitled to unpaid overtime compensation in the amount of **$25,816.44** and an additional **$25,816.44** in liquidated damages pursuant to the FLSA and VOWA. (*See* Docket no. 19 at 11–12). Therefore, plaintiff is entitled to unpaid overtime compensation in the total amount of **$51,632.88**. *Id.*

Plaintiff's request for attorney's fees and costs did not change from his first motion for default judgment as to BKMJ. (Docket no. 19 at 3). As the prior findings of fact and recommendations found that the FLSA and VOWA expressly provided for the mandatory award of attorneys' fees and costs of an action and that the hourly rate charged and amount of time expended by attorney Sutter is consistent with similar cases, the undersigned recommends an award of **$4,292.50** in attorney's fees and **$512.00** in costs, in the total amount of **$4,804.50**. (*See* Docket no. 16 at 15).

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff and against defendant May Jung in the total amount of **$56,437.38** ($51,632.88 in unpaid overtime compensation and liquidated damages + $4,804.50 in attorney's fees and costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendant May Jung at 9450 Fairfax Blvd, Fairfax VA 22030, and 7315 Little River Turnpike, Annandale VA, 22003, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations, and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 26th day of January, 2024.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia